IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARK ROBINSON,

    Plaintiff,

     v.                                                                 No. CIV 15-0451 JH/WPL

BERNALILLO METROPOLITAN
DETENTION CENTER,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Civil Rights Complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Plaintiff's claims against the named Defendant will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally

construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff's complaint alleges that, when he was booked in to the Bernalillo Metropolitan Detention Center, unnamed individual officers injured him without justification by use of excessive force.  Plaintiff contends that these actions violated his rights under the Fourteenth Amendment.  For relief, the complaint asks for damages and dismissal of the criminal charges against him.

No relief is available under 42 U.S.C. § 1983 on Plaintiff's claim for dismissal of the state criminal charges against him.   To the extent that "success on this claim would result in a speedier release from custody, . . . the claim cannot be pursued under § 1983 but must be pursued as a habeas claim."  *Frey v. Adams County Court Servs.*, 267 F. App'x 811, 813 (10th Cir. 2008) "[A] prisoner who challenges the fact or duration of his confinement . . . must do so through an application for habeas corpus."  *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012).  The Court will dismiss this claim.

The complaint names the detention center as the sole Defendant.[1]  As the Court of Appeals for the Tenth Circuit has noted, "[d]ismissal against [a detention center is] . . . required because a detention facility is not a person or legally created entity capable of being sued."  *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n. 3 (10th Cir. June 21, 2000), *quoted in White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001).   The Court will dismiss Plaintiff's complaint against named Defendant Bernalillo Metropolitan Detention Center.   Plaintiff will be allowed to file an amended complaint identifying individuals who committed the alleged violations of his

---

[1] Counsel has appeared for Bernalillo County Metropolitan Detention Center (Doc. 15), but counsel's jury demand and answer (Docs. 16, 17) are filed on behalf of Bernalillo County.  This appears to be simply inconsistent drafting. Plaintiff makes no allegation that the officers' actions were taken pursuant to a County custom or policy, and therefore the complaint does not implicate the County.  *See Novitsky v. City of Aurora*, 491 F.3d 1244, 1259 (10th Cir. 2007). The County will not be added to the docket.

civil rights.   Failure to file an adequate amended complaint may result in dismissal of the action.

IT IS THEREFORE ORDERED that Plaintiff's claims for dismissal of state criminal charges against him are DISMISSED without prejudice to his rights under the habeas corpus statutes; his claims against Defendant Bernalillo County Detention Center are DISMISSED with prejudice; and, within twenty-one (21) days from entry of this Order, Plaintiff may file an amended complaint identifying the individuals who committed the alleged violations against him.

_____
UNITED STATES DISTRICT JUDGE